HEIRS OF PRÉJEAN *v.* ROBIN, Administrator.

The proper construction of Art. 593 C. P. is that the tutor of a minor, like every other person who is *sui juris,* can only appeal within the year which follows the signature of the judgment; but the minor whose interests are affected by a judgment, has a year after attaining the age of majority, in a case where no appeal has been previously taken, to deliberate whether he shall appeal from it or not.

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J.
*B. F. Linton,* for plaintiffs and appellants. *Swayze & Moore,* for administrator.

BUCHANAN, J. The judgment of the District Court, from which the present appeal was taken, was rendered and signed the 14th of August, 1857.

The appeal was by petition filed in court the 8th of November, 1858, although an order had been made at chambers, allowing a devolutive appeal on such petition, the 25th October, 1858.

The appellee now moves to dismiss the appeal, as having been taken too late. This motion must prevail. C. P. 593.

The Article of the Code says, indeed, that the year for appealing commences running for minors, from the day of attaining the age of majority. But this limitation does not apply to tutors, of whom there are several among the present appellants. The reason of the limitation does not apply to *them,* for they might have exercised the right of appeal from the first day of the rendition of the judgment; while the minor cannot act for himself in a court of justice, so long as his minority lasts.

We hold the proper construction of Article 593 of the Code of Practice to be, that the tutor of a minor, like every other person who is *sui juris,* can only appeal within the year which follows the signature of the judgment. But the minor whose interests are affected by a judgment, has a year after arriving at the age of majority, in a case where no appeal has been previously taken, to deliberate whether he shall appeal from the same.

To allow the tutor the same length of time for appealing, would injuriously procrastinate the settlement of estates of minors; and in cases like the present, where majors and minors are jointly interested, would extend to the former a delay for final adjudication of lawsuits, which the law certainly never intended.

The appeal is, therefore, dismissed, with costs.